UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WALTER HURDLE,

                              Petitioner,

     -v-                                        No. 13-cv-6837 (RJS) (HBP)
                                                         OPINION AND ORDER

MIKE SHEEHAN, Superintendent,
Five Points Correctional Facility

                              Respondent.

---

RICHARD J. SULLIVAN, District Judge:

       Walter Hurdle ("Petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in connection with his 2010 conviction for one count of criminal possession of stolen property in the fourth degree, in violation of New York Penal Law §165.45(2). (Doc. No. 1 ("Petition").) Now before the Court is the Report and Recommendation of the Honorable Henry B. Pitman, Magistrate Judge, recommending that the Court (1) find that Petitioner was "in custody" at the time he filed the Petition, as required by Section 2254, but (2) deny the Petition on the merits. (Doc. No. 14 ("R&R" or "Report").) For the reasons set forth below, the Court concludes that Petitioner was not in custody at the time he filed the Petition and that the Court therefore lacks subject matter jurisdiction to consider the Petition. Accordingly, the Petition is dismissed.

I. BACKGROUND

       On September 8, 2009, Petitioner was convicted in New York State Supreme Court, Queens County, on four counts – (1) assault in the first degree, (2) assault on a police officer, (3) assault in the second degree, and (4) reckless driving. Although the convictions on the first two

counts were ultimately reversed, Petitioner was sentenced to a determinate term of seven years on the second degree assault count and to a determinate term of one year on the reckless driving count, with the sentences to run concurrently (the "Queens Sentence"). *See Hurdle v. Sheahan*, No. 13-cv-6862 (BMC), 2013 WL 6859866, at *1–2 (E.D.N.Y. Dec. 20, 2013) (setting forth the details of the Queens Sentence and denying a habeas petition challenging that sentence). Several months later, on December 9, 2009, Petitioner pleaded guilty pursuant to a plea agreement in New York State Supreme Court, Bronx County, to a separate indictment charging him with one count of criminal possession of stolen property in the fourth degree. (Doc. No. 8-7 at 33:1–8.) On January 15, 2010, the Honorable Albert Lorenzo sentenced Petitioner to an indeterminate sentence of one-and-one-half to three years (the "Bronx Sentence"), to be served concurrently with the Queens Sentence. (*Id.* at 43:1–45:13.) On March 1, 2012, the Appellate Division, First Judicial Department, affirmed Petitioner's Bronx Sentence, *People v. Hurdle*, 93 A.D.3d 419, 938 N.Y.S.2d 889 (N.Y. App. Div. 2012), and on June 21, 2012, Chief Judge Jonathan Lippman denied leave to appeal to the New York Court of Appeals, *People v. Hurdle*, 19 N.Y.3d 962 (2012). According to the New York Department of Corrections and Community Supervision ("DOCCS"), Petitioner has been released from prison and is currently serving parole supervision based on the Queens Sentence until January 2017. (*See* DOCCS, Inmate Population Information Service, http://www.doccs.ny.gov.)[1]

On September 19, 2013, Petitioner filed the instant Petition (Doc. No. 1), and on November 7, 2013, Respondent filed its answer (Doc. No. 8). On November 15, 2013, this

---

[1] Petitioner was also convicted in the New York Supreme Court, Nassau County, of attempted possession of a forged instrument in the second degree, for which he was sentenced to an indeterminate term of one-and-one-half to three years (the "Nassau Sentence"). (Doc. No. 8-7 at 43:1–7, 44:4–12.) Petitioner's Nassau Sentence was also to be served concurrently with his Queens County and Bronx County Sentences. (*Id.*) The record does not indicate when the Nassau Sentence was imposed, though the transcript from the Bronx Sentence reveals that Petitioner was apparently aware of its terms at his January 15, 2010 sentencing. (*Id.*)

matter was referred to Magistrate Judge Pitman (Doc. No. 13), who filed the Report with this Court on May 16, 2016 (Doc. No. 14).  Magistrate Judge Pitman informed the parties that, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, they had fourteen (14) days from receipt of the Report to file written objections.  (*Id.* at 21.) Neither party has filed an objection, and the deadline to do so has long since expired.

## II.  LEGAL STANDARD

A district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989).  A court may accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous.  *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn,* 474 U.S. 140, 149 (1985)). When a party makes specific objections to a magistrate judge's findings or legal conclusions, the court must undertake a *de novo* review of the objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  However, "to the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."  *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009).  A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed."  *SEC v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008) (quoting *Chen v. Bd. of Immigration Appeals*, 435 F.3d 141, 145–-46 (2d Cir. 2006)).

III. DISCUSSION

Because the parties did not submit timely written objections to the Report, the Court reviews the Report for clear error. *See, e.g.*, *Boyd v. City of New York*, No. 12-cv-3385 (PAE) (JCF), 2013 WL 452313, at *1 (S.D.N.Y. Feb. 6, 2013); *Lang ex rel. Morgan v. Astrue*, No. 05-cv-7263 (KMK) (PED), 2009 WL 3747169, at *1 (S.D.N.Y. Nov. 6, 2009). However, for the reasons set forth below, the Court is left with the definite and firm conviction that it lacks subject matter jurisdiction to consider the Petition.

A district court has subject matter jurisdiction to consider a state prisoner's petition for habeas relief "only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States" at the time he files the petition. 28 U.S.C. § 2254(a) (emphasis added); *Ogunwomoju v. United States*, 512 F.3d 69, 73–75 (2d Cir. 2008); *see also Nowakowski v. New York*, No. 14-1964, 2016 WL 4487985, at *3 (2d Cir. Aug. 26, 2016) ("In order for a federal court to have jurisdiction over a habeas petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time the petition is filed." (quoting 28 U.S.C. § 2254(a)). A habeas petitioner is no longer "'in custody' under a conviction after the sentence imposed for it has fully expired." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Although "[c]ourts have construed the term 'in custody' liberally to extend beyond physical incarceration" and "to include individuals who, at the time of the filing of the petition, were on parole, supervised release, and bail," nonetheless, "once a sentence has been completely served and thus expired, an individual is no longer 'in custody' under that conviction," even if he remains "in custody" on a separate conviction. *Valdez v. Hulihan*, 640 F. Supp. 2d 514, 515 (S.D.N.Y. 2009) (citations omitted); *see also Whaley v. Graham*, No. 06-cv-3021 (JFB), 2007 WL 708796, at *2

(E.D.N.Y. Mar. 6, 2007) ("[E]ven where the petitioner continues to be incarcerated on an unrelated conviction at the time of filing, the 'in custody' requirement is not satisfied where the sentence for the challenged conviction has been fully served.").

Courts recognize an exception to this rule "when a *pro se* petition, liberally constructed," can be interpreted to challenge "a current sentence, as enhanced by an allegedly invalid prior conviction" that has since expired. *Williams v. Edwards*, 195 F.3d 95, 96 (2d Cir. 1999) (brackets omitted). The Supreme Court has also instructed that when "a prisoner serving *consecutive* sentences is 'in custody' under any one of them," the "consecutive sentences [are to be viewed] in the aggregate, not as discrete segments." *Garlotte v. Fordice*, 515 U.S. 39, 45–47 (1995) (emphasis added) (quoting *Peyton v. Rowe*, 391 U.S. 54, 67 (1968)). Therefore, even if a prisoner has already completed the first in a series of consecutive sentences, the Court nonetheless has jurisdiction to hear a challenge to the validity of that first sentence. The Supreme Court's decisions in *Garlotte* and *Peyton* are premised on the fact that shortening even an expired conviction that is part of a "continuous stream" of consecutive sentences "would advance the date" of a prisoner's "eligibility for release from present incarceration." *Id.* at 47.

Where, however, a prisoner serving a series of *concurrent* sentences challenges a shorter sentence that has already expired, the prisoner is no longer "in custody" on the shorter sentence, even if he remains in custody under a longer sentence, since "a successful habeas action resulting in a vacated concurrent sentence would have no effect on [the state prisoner's] release date from his other conviction and sentence." *Sweet v. McNeil*, 345 F. App'x 480, 482 (11th Cir. 2009); *accord Mays v. Dinwiddie*, 580 F.3d 1136, 1137 (10th Cir. 2009); *Clark v. Russell*, 1992 WL 259355, at *1 (6th Cir. 1992); *Mendiola v. Stephens*, No.14-cv-261 (RGM) (ASH), 2016 WL 1104854, at *3 (Feb. 23, 2016), *adopted by* 2016 WL 1090238 (S.D. Tex. Mar. 21, 2016); *Inman*

5

*v. Landry*, No. 2:15-cv-243 (GZS), 2015 WL 8093864, at *2 (Oct. 22, 2015), *adopted by* 2015 WL 8125604 (D. Me. Dec. 7, 2015); *Freeman v. Pate*, No. 9:11-cv-01421 (DCN) (BM), 2011 WL 3420451, at *3 (July 19, 2011), *adopted by* 2011 WL 3420442 (D.S.C. Aug. 3, 2011); *Siarkiewicz v. McNeil*, No. 4:07-cv-383 (SPM) (MD), 2009 WL 399430, at *10 (Feb. 18, 2009), *adopted by* 2009 WL 903384 (N.D. Fla. Mar. 30, 2009); *Simpson v. Artuz*, 860 F. Supp. 156, 156–57 (S.D.N.Y. 1994). These courts' distinction between consecutive and concurrent sentences makes sense: a prisoner who attacks an earlier-imposed consecutive sentence may obtain relief through a recalculated aggregate term. By contrast, even if a prisoner serving a concurrent sentence were to obtain relief in vacating a shorter, expired sentence, it would have no effect on the prison term he is still serving.

Here, Petitioner began serving the indeterminate one-and-one-half-to-three-year Bronx Sentence in January 2010. (Doc. No. 8-7 at 41–45.) Even if Petitioner served the maximum three years on the Bronx Sentence, the sentence would have expired in January 2013. However, Petitioner did not file the Petition until September 19, 2013. Furthermore, Petitioner has not alleged that the Queens Sentence was in any way enhanced by the Bronx Sentence, such that his *pro se* Petition can be construed to challenge a "current sentence, as enhanced by an allegedly invalid prior conviction." *Williams*, 195 F.3d at 96 (brackets omitted).[2] To the contrary, Petitioner pleaded guilty in the Bronx several months *after* the Queens Sentence was imposed. Furthermore, the Bronx Sentence did not impose additional conditions of post-release supervision on Defendant beyond those already imposed in Queens; consequently, Petitioner's

---

[2] In fact, this narrow exception applies only if a petitioner alleges that his current sentence was enhanced based on a prior conviction that is invalid for one of the following three reasons: "(1) there was a failure to appoint counsel; (2) a state court unjustifiably refused to rule on a constitutional claim that had been properly presented; or (3) the petitioner presents compelling evidence of actual innocence." *Valdez*, 640 F. Supp. 2d at 516; *accord Harrison v. Griffin*, No. 13-cv-4641 (NGG), 2014 WL 3490917, at *4 (E.D.N.Y. July 11, 2014). Since Petitioner makes no such allegation regarding the Bronx Sentence, this narrow exception does not apply here.

Bronx Sentence cannot be construed to "extend beyond" his one-and-a-half-to-three-year term of incarceration. *See Valdez*, 640 F. Supp. 2d at 515; (*see generally* Doc. No. 8-7 at 29–41 (plea hearing transcript), 42–45 (sentencing hearing transcript)). As a result, the Court concludes that Petitioner was not "in custody" for his Bronx Sentence when he filed the Petition in this action, and the Court therefore lacks subject matter jurisdiction to consider Petitioner's challenge to that sentence.

In determining that Petitioner was, in fact, in custody at the time he filed the Petition, the Report did not address the many federal authorities that support Respondent's argument in support of dismissal for lack of subject matter jurisdiction, even though Respondent referenced the Tenth Circuit's decision in *Mays* in its opposition brief. (Doc. No. 8 at 8–9.) Rather, the Report concluded that Petitioner was in custody because the Bronx Sentence "merge[d] into the longer, seven-year" Queens Sentence and "is not satisfied until that longer sentence expires." (Report 12.) Tellingly, the Report relied entirely on state-court decisions outside of the habeas context for this conclusion, which the Report itself characterized as "somewhat discomfiting because it effectively lengthens the maximum term of an indeterminate sentence." (*Id.*) Specifically, the Report relied on the New York Court of Appeals decision in *People v. Ramirez*, which concluded that, pursuant to New York Penal Law § 70.30, "concurrent sentences represent a single punishment measured by the sentence for the highest grade offense into which all concurrent sentences merge." 89 N.Y.2d 444, 449, 677 N.E.2d 722 (1996). However, the provision addressed by *Ramirez*, Section 70.30, involves the "calculation of terms of imprisonment" by the New York State Department of Corrections and Community Supervision. Naturally, for the purpose of calculating the length of time the State of New York retains a prisoner in custody, it is hardly surprising that all other sentences merge into the sentence for the

highest grade offense in the context of concurrent sentences. But neither *Ramirez* nor any other authorities relied on by the Report speak to when a person is "in custody" within the meaning of that term under the federal habeas statute, the "core purpose" of which is to "shorten [a] term of incarceration" in the event a petitioner "proves unconstitutionality." *Garlotte*, 515 U.S. at 47. The Court finds that interpreting the phrase "in custody" to encompass challenges brought by a prisoner who has served the duration of a shorter concurrent sentence would not advance this core purpose. To the contrary, it would "have no effect on [the state prisoner's] release date from his other conviction and sentence." *Sweet*, 345 F. App'x at 482; *see also United States v. Al Kassar*, 660 F.3d 108, 125 (2d Cir. 2011) (instructing courts to "interpret statutes" in ways that "give effect to congressional purpose" (internal quotation marks omitted)).

Accordingly, the Court concludes that Petitioner, who had already served his entire Bronx Sentence at the time he filed the Petition, was no longer "in custody" on that sentence when he petitioned the Court for habeas relief. Because the Court lacks jurisdiction to entertain Petitioner's challenge to the Bronx Sentence, the Court dismisses the Petition.[3]

## IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that the Petition is DISMISSED because the Court lacks subject matter jurisdiction to consider it. Because Petitioner has "not made a substantial showing that he was in custody by reason of the denial of a constitutional right," the Court will not issue a certificate of appealability pursuant to 28 U.S.C. §

---

[3] Even assuming the Court had jurisdiction to consider the Petition, the Court would still deny the Petition on the merits. While the Court rejects the Report's analysis with respect to subject matter jurisdiction, the Court finds no error in the Report's well-reasoned conclusion that Petitioner's Fourth Amendment claim is barred by *Stone v. Powell*, 428 U.S. 465 (1976), and its progeny. (Report 13–19.) In fact, even if the Court were to review the Report *de novo*, it would reach the same conclusion.

2253(c). *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006). The Clerk is respectfully directed to mail a copy of this order to Petitioner and to close this case.

SO ORDERED.

Dated:      September 12, 2016
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/16
```